# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>OAKWOOD HOMES CORPORATION, et. al.,<br><br>Debtor. | Chapter 11<br><br>Case No. 02-13396 (PJW) |
| OHC LIQUIDATION TRUST, by and through Alvarez & Marsal, LLC, the OHC Liquidation Trustee,<br><br>Plaintiff,<br><br>v.<br><br>DISCOVER RE and UNITED STATES FIDELITY & GUARANTY CO.,<br><br>Defendants. | Adv. Pro. No. 05-51766<br><br>**Related to Docket Nos. 26, 28 & 39** |

## REPLY MEMORANDUM IN SUPPORT OF
## MOTION TO WITHDRAW THE REFERENCE

Dated: July 11, 2006

Karen C. Bifferato (No. 3279)
Margaret E. Juliano (No. 4722)
CONNOLLY BOVE LODGE & HUTZ, LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207
(302) 658-9141
 - AND -

Harold S. Horwich
Stephen M. Hryniewicz
BINGHAM MCCUTCHEN LLP
One State Street
Hartford, CT 06103
(860) 240-2700

*Attorneys For Defendants, United States Fidelity & Guaranty Company and Discovery Managers, Ltd.*

# TABLE OF CONTENTS

*Page*

TABLE OF AUTHORITIES…………………………………………………………………..ii

ARGUMENT………………………………………………………………………………… 1

# TABLE OF AUTHORITIES

*Page*

**CASES**

Beard v. Braunstein, 914 F.2d 434, 445-47(3d Cir. 1990) .................................................. 1, 7

Hatzel & Buehler, Inc. v. Orange & Rockland Utilities, Inc., 107 B.R. 34, 36-39
  (D. Del. 1989) ..................................................................................................................... 7

In re Craig's Stores of Texas, Inc., 266 F.3d 388, 391 (5th Cir. 2001) .................................. 3, 5

In re Homeland Stores, Inc., 204 B.R. 427, 430-434 (D. Del. 1997) .................................... 3, 7

In re Oakwood Homes Corp., 342 B.R. 59, 64 (Bankr. D. Del. 2006) ..................................... 5

In re Resorts Int'l, Inc., 372 F.3d 154 (3d Cir. 2004) ............................................................ 3, 5

Montgomery Ward, LLC v. Smith Protective Servs., Inc.
  (In re Montgomery Ward LLC), 2004 WL 2537080 (D. De. Nov. 4, 2004) ......................... 4

Northern Pipeline Co. v. Marathon Pipe Line Co., 458 U.S. 50 (1982) ................................. 1

Valley Forge Plaza Associates v. Fireman's Fund Ins. Co.
  (In re Valley Forge Plaza Associates), 107 B.R. 514 (E.D. Pa. 1989) ................................. 6

West Elects., Inc. v. Nat'l Union Fire Ins. Co. (In re West Electronics, Inc.),
  128 B.R. 900 (D.N.J. 1991) .................................................................................................. 6

**STATUTES**

28 U.S.C. § 157(c)(1) ................................................................................................................ 5

28 U.S.C. § 157(d) .................................................................................................................... 1

11 U.S.C. § 101, et. seq. ............................................................................................................ 1

Defendants, United States Fidelity and Guaranty Company and Discovery Managers Ltd.[1] ("Defendants"), by and through undersigned counsel, respectfully submit this Reply Memorandum in Support of their Motion to Withdraw the Reference (the "Motion"), and in response to the OHC Liquidation Trust's Memorandum of Law in Opposition to Defendants' Motion to Withdraw the Reference (the "Opposition").

## ARGUMENT

This case involves state law claims asserted by a liquidating trustee arising out of the trustee's own post-reorganization breach of contract. This is precisely the type of action that should be heard in the District Court, not the Bankruptcy Court. See Northern Pipeline Co. v. Marathon Pipe Line Co., 458 U.S. 50 (1982) (holding that bankruptcy courts cannot adjudicate "state created private rights such as the right to recover contract damages" which are constitutionally reserved for jurisdiction of Article III courts). Therefore, this non-core action, which involves consideration of purely non-bankruptcy issues, is subject to both mandatory and discretionary withdrawal under 28 U.S.C. § 157(d). See Beard v. Braunstein, 914 F.2d 434, 445-47(3d Cir. 1990) (mandating withdrawal of reference of debtor's adversary proceeding that asserted claims "involving pre-petition contracts, allegedly breached before and after the filing of the petition" and did not invoke any specific bankruptcy right).

The only reason this case originated in the Bankruptcy Court is that the plaintiff is the trustee of a liquidating trust established pursuant to a confirmed plan. The Defendants were not involved in the bankruptcy proceedings whatsoever - they did not appear in the bankruptcy cases and they did not file proofs of claim. The legal issues involved in this case do not involve application of the Bankruptcy Code, 11 U.S.C. § 101, et seq. (the "Bankruptcy Code"). The

---

[1] The case caption improperly lists, and the text of the Complaint improperly refers to, Discover Re. In fact, the entity associated with the Oakwood insurance program is Discovery Managers, Ltd.

1

Bankruptcy Court dismissed all of the Trustee's counts that were based on provision of the Bankruptcy Code and only three state law based causes of action remain: breach of contract, unjust enrichment and bad faith. Resolution of this case does not concern the administration of the Debtors' bankruptcy estates. The Trustee tries to portray this action as a post-petition action. In fact, this adversary proceeding is exactly not a post-petition action. It involves ***pre-petition*** insurance policies that were fully performed by the insurer prior to the commencement of the bankruptcy case. It also involves ***post-confirmation*** action taken by the Trustee after the Debtors' plan was confirmed and went effective. During the pendency of the Chapter 11 case, the Debtors fully performed their obligations and the present case has nothing whatever to do with that period.

According to the allegations in the Complaint, the Debtors performed their contractual obligations from the inception of the insurance program in 1998 through April 15, 2004, the date that the Plan was confirmed and went effective. (Complaint, Adv. Doc. No. 1, ¶ 2). Once the plan went effective and the OHC Trust was established, the Trustee decided to stop paying claims within the deductible limits, thereby breaching the contracts with the Defendants. As a result of the Trustee's decision to stop paying claims post-confirmation, USF&G was forced to exercise its right to draw down the bonds and letters of credit that Oakwood had obtained to support its obligations under the parties' written agreements. (Complaint, Adv. Doc. No. 1, ¶¶ 2, 24, 25; Answer, Adv. Doc. No. 31, ¶¶ 2, 24, 25). The Trustee does not dispute its conduct nor the right of the Defendants to have made the draws. Instead, the Trustee, having instigated the draws, now wants the proceeds of the letters of credit and bonds returned to him. The Bankruptcy Court threw out the Trustee's claims based on bankruptcy law and left the trustee only with rights under the contracts and claims for unjust enrichment and bad faith. If these

2

claims have any viability, they arise in their entirety out of conduct that did not even begin until the reorganization plan was confirmed and went effective.

Claims arising post-confirmation involving non-bankruptcy law, such as the ones asserted by the Trustee, do not concern the administration of the bankruptcy estate and therefore the reference should be withdrawn. See In re Homeland Stores, Inc., 204 B.R. 427, 430-434 (D. Del. 1997) (finding both mandatory and permissive withdrawal applicable to debtor's post-confirmation adversary proceeding asserting purely non-bankruptcy claims of breach of contract and ERISA violations, stating that "Congress did not intend the Bankruptcy Courts, which have sharpened their expertise in a specialized body of law, to be flooded with non-chapter 11 disputes that have such a tenuous relationship to a bankruptcy proceeding"). In fact, some courts have held that the bankruptcy court lacks jurisdiction over state law claims that arose post-confirmation. See In re Resorts Int'l, Inc., 372 F.3d 154 (3d Cir. 2004) (holding that the bankruptcy court lacked subject matter jurisdiction over an accountants' malpractice action brought by a litigation trust established pursuant to the plan because the cause of action arose post-confirmation); In re Craig's Stores of Texas, Inc., 266 F.3d 388, 391 (5th Cir. 2001), (holding that the bankruptcy court lacked jurisdiction over an action brought by the debtor post-confirmation against a bank for breach of a credit card servicing contract that had been assumed in the plan and that the debtor alleged the bank breached post-confirmation, stating that "the state law causes of action asserted by Craig's against the Bank do not bear on the interpretation or execution of the debtor's plan and therefore do not fall within the bankruptcy court's post-confirmation jurisdiction").

The Trustee asserts that the Defendants' Motion should be denied because it would be more efficient for the Bankruptcy Court to hear the case because there are two other similar cases pending before the Bankruptcy Court and because it has already familiarized itself with the facts

3

and issues involved in the case as a result of ruling on the Defendants' Motion to Dismiss. (Opposition, pp. 10-11). In support of its administrative efficiency argument, the Trustee cites Montgomery Ward, LLC v. Smith Protective Servs., Inc. (In re Montgomery Ward LLC), 2004 WL 2537080 (D. De. Nov. 4, 2004), for the proposition that a motion to withdraw the reference should be dismissed "where uncomplicated claims and defenses were at issue and the Debtor had other proceedings before the bankruptcy court." (Opposition, p. 11). The Trustee fails to point out that Montgomery Ward was an extreme case where the court found that there were "several hundred similar proceedings before the Bankruptcy Court." Montgomery Ward, LLC, 2004 WL 2537080, at * 2. Here, the Trustee alleges that there are only two similar cases pending in the Bankruptcy Court. (Opposition, p. 11, n. 2). Moreover, those cases involve different contracts, different insurance companies and different insurance periods. Since the bankruptcy claims have been dismissed, the only remaining claims are contract based. Since the contracts are different, there is hardly a clarion call for economies of scale. One involves an action brought by the Trustee against a surety that issued performance bonds to the Debtors pre-petition. (See OHC Liquidation Trust, by and through Alvarez & Marshal, LLC, the OHC Liquidation Trustee v. United States Fire Ins. Co., Adv. Proc. No. 04-57054 (PJW), Complaint, Adv. Doc. No. 1, ¶ 2). The other involves an action brought by the Trustee against Clayton Homes, Inc., which purchased substantially all of the assets of the Debtors, for breach of the asset purchase agreement. (See OHC Liquidation Trust, by and through Alvarez & Marshal, LLC, the OHC Liquidation Trustee v. Clayton Homes, Inc., Adv. Proc. No. 04-54839 (PJW), Complaint, Adv. Doc. No. 1, ¶ 1).

The Defendants maintain that it would be more efficient for this case to be adjudicated in the District Court. Because this matter is non-core, the Bankruptcy Court would only submit proposed findings of fact and conclusions of law to the District Court, which would conduct a de

4

novo review of the facts. 28 U.S.C. § 157(c)(1). Duplication would be a waste of judicial resources and the corpus of the OHC Trust.

Moreover, contrary to the Trustee's assertions, the case has not progressed beyond the initial pleadings stage in the Bankruptcy Court and the Bankruptcy Court has not delved into the facts of the underlying dispute. In ruling on the Motion to Dismiss, the Bankruptcy Court merely accepted the allegations of the Trustee's Complaint as true. In re Oakwood Homes Corp., 342 B.R. 59, 64 (Bankr. D. Del. 2006). The vast majority of its legal analysis was directed at causes of action that are now stricken, and to a forum provision that does not relate to the merits of the underlying case. Id., at 63-69, 70-71.

The Trustee argues that it is not engaging in forum shopping by arguing that the plan contained provisions establishing the Bankruptcy Court as the exclusive jurisdiction for this dispute. First, it should be noted that "[r]etention of jurisdiction provisions will be given effect, assuming there is bankruptcy court jurisdiction. But neither the bankruptcy court nor the parties can write their own jurisdictional ticket … if a court lacks jurisdiction over a dispute, it cannot create that jurisdiction by simply stating it has jurisdiction in a confirmation or other order"" In re Resorts Int'l, supra, 372 F.3d at 161. As stated above, the Bankruptcy Court's jurisdiction over state law claims arising post-confirmation is limited. See In re Resorts Int'l, Inc., In re Craig's Stores of Texas, Inc. supra.

Moreover, the provisions cited by the Trustee do not prohibit the Trustee from pursuing recoveries in other courts. The provisions merely retain some of the jurisdiction the Bankruptcy Court had prior to confirmation because absent such provision, the Bankruptcy Court's jurisdiction generally terminates. In re Craig's Stores of Texas, Inc., supra, 266 F.3d at 390 (stating that "[a]fter a debtor's reorganization plan has been confirmed, the debtor's estate, and thus bankruptcy jurisdiction, ceases to exist, other than for matters pertaining to the

5

implementation or execution of the plan"). The Trustee could have brought this action in Connecticut pursuant to the forum provision and it would not be prejudiced if this case were resolved in the District Court.

The Trustee also argues that this case should remain in the Bankruptcy Court because it is a core matter. As discussed above, the Trustee's three remaining state law causes of action did not even arise until after the plan was confirmed and went effective. The only cases cited by the Trustee on this point in its Opposition address causes of action that arose post-petition, but pre-confirmation, and therefore are not applicable. In <u>West Elects., Inc. v. Nat'l Union Fire Ins. Co. (In re West Electronics, Inc.)</u>, 128 B.R. 900 (D.N.J. 1991), the debtor brought an action against its insurer seeking recovery under its insurance policies for damage to its property that occurred post-petition, but pre-confirmation. In <u>Valley Forge Plaza Associates v. Fireman's Fund Ins. Co. (In re Valley Forge Plaza Associates)</u>, 107 B.R. 514 (E.D. Pa. 1989), the debtor brought an action seeking to enjoin its insurer from non-renewing its general liability and liquor liability insurance policies, which were issued pre-petition and continued in force post-petition. The court found that the preservation of insurance coverage during the pendency of the bankruptcy proceedings concerned the administration of the estate. Unlike <u>Valley Forge Plaza Associates</u>, the insurance program in this case terminated on June 30, 2002, well before the petition date. *See* Complaint, Adv. Doc. No. 1, ¶¶ 15; Answer, Adv. Doc. No. 31, ¶¶ 15.

In <u>West Elects., Inc. v. Nat'l Union Fire Ins. Co. (In re West Electronics, Inc.)</u>, 128 B.R. 900 (D.N.J. 1991), the debtor brought an action against its insurer seeking recovery under its insurance policies for damage to its property that occurred post-petition, but pre-confirmation. In contrast, the present action does not involve claims that arose post-petition, but pre-confirmation.

6

Ultimately, this case is a case involving state law causes of action. It is not related to the administration of the Debtors' estates because it involves conduct that occurred after the conclusion of the reorganization case. These types of actions belong in the District Court and therefore the reference should be withdrawn. <u>Beard v. Braunstein</u>, <u>supra</u>, (mandating withdrawal of reference of debtor's adversary proceeding that asserted claims "involving pre-petition contracts, allegedly breached before and after the filing of the petition" and did not invoke any specific bankruptcy right); <u>In re Homeland</u>, <u>supra</u> (mandatory withdrawal of debtor's post-confirmation adversary proceeding asserting purely non-bankruptcy claims of breach of contract and ERISA violations); <u>Hatzel & Buehler, Inc. v. Orange & Rockland Utilities, Inc.</u>, 107 B.R. 34, 36-39 (D. Del. 1989) (mandatory withdrawal of debtor's adversary proceeding asserting 16 non-bankruptcy law claims that were "essentially a breach of contract action . . . under New York law").

Dated: July 11, 2006

CONNOLLY BOVE LODGE & HUTZ LLP

*/s/ Karen C. Bifferato*

Karen C. Bifferato (No. 3279)
Margaret E. Juliano (No. 4722)
The Nemours Building
10007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207
(302) 658-9141

- AND -

Harold S. Horwich
Stephen M. Hryniewicz
Bingham McCutchen LLP
One State Street
Hartford, CT 06103
(860) 240-2700

*Attorneys for Defendants, United States Fidelity & Guaranty Company and Discovery Managers, Ltd.*

#475480