```
             IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF DELAWARE
```

IN RE:                                :
                                      :  Chapter 11
OAKWOOD HOMES CORPORATION,            :
et al.,                               :  Bankruptcy Case No. 02-13396-
                                      :    PJW
         Debtor.                      :
_____:
OHC LIQUIDATION TRUST, by and         :
through Alvarez & Marshal, LLC,       :
the OHC Liquidation Trustee,          :
                                      :  Adversary No. 05-51766-PJW
         Plaintiff,                   :
                                      :
    v.                                :  Civil Action No. 06-436-JJF
                                      :
DISCOVERY RE and UNITED STATES        :
FIDELITY & GUARANTY Co.,              :
                                      :
         Defendants.                  :

Emilio A. Galván, Esquire; Robert Stark, Esquire and Dana S. Montone, Esquire of BROWN RUDNICK BERLACK ISRAELS LLP, New York, New York.
Donna L. Culver, Esquire of MORRIS, NICHOLS, ARSHT & TUNNELL, Wilmington, Delaware.
Attorneys for Plaintiff.

Harold S. Horwich, Esquire and Stephen M. Hryniewicz, Esquire of BINGHAM McCUTCHEN LLP, Hartford, Connecticut.
Karen C. Bifferato, Esquire and Marc J. Phillips, Esquire of CONNOLLY BOVE LODGE & HUTZ LLP, Wilmington, Delaware.
Attorneys for Defendants.

**MEMORANDUM OPINION**

July 17, 2007
Wilmington, Delaware

**Farnan, District Judge.**

Pending before the Court is Defendants Discovery RE[1] and United States Fidelity & Guaranty Co.'s (collectively "Defendants") Motion To Withdraw Reference Pursuant to 28 U.S.C. § 157(d) (D.I. 1). For the reasons discussed, the Court will deny Defendants' Motion.

I. BACKGROUND

On November 15, 2002, Debtor Oakwood Homes Corporation and its Debtor affiliates filed voluntary petitions for relief pursuant to Chapter 11 of the Bankruptcy Code. The remaining Debtors filed for Chapter 11 protection on March 5, 2004. On March 31, 2004, the United States Bankruptcy Court for the District of Delaware entered an order confirming the restructuring plan. The Plan became effective for most Debtors on April 15, 2004, and created the OHC Liquidation Trust (the "Trust"). The Trust is overseen by Alvarez & Marshal, LLC in its capacity as the OHC Liquidation Trustee (the "Trustee").

On June 1, 2005, the Trust filed the instant Adversary Proceeding asserting seven counts sounding in contract law and the Bankruptcy Code. Neither party has requested a jury trial.

On December 5, 2005, Defendants filed a motion to dismiss all counts of the Complaint. In re Oakwood Homes Corp., Adv. Pro.

---

[1] Defendants contend that the case caption and text of the Complaint improperly refer to Discover Re, and that the entity properly associated with this matter is Discovery Managers, Ltd.

05-51766-PJW (Bankr. D. Del.) (D.I. 1). On May 10, 2006, the Bankruptcy Court dismissed the four counts that asserted claims based on the Bankruptcy Code. In re Oakwood Homes Corp., 342 B.R. 59 (Bankr. D. Del. 2006)(dismissing counts I, II, V and VI). The three remaining counts assert state law claims for breach of contract, breach of implied covenant of good faith and fair dealing, and unjust enrichment. On July 11, 2006, the Bankruptcy Court determined that what remained of the Adversary Proceeding constituted a core proceeding. In re Oakwood Homes Corp., Adv. Pro. 05-51766-PJW (Bankr. D. Del.) (D.I. 43). On July 17, 2006, Defendants filed the present Motion, seeking to withdraw the reference of the Adversary Proceeding.

## II. PARTIES' CONTENTIONS

By their motion, Defendants seeks to withdraw the reference of the Adversary Proceeding from the Bankruptcy Court. Defendants first contend that, because only state law issues remain in the proceeding, withdrawal is mandatory pursuant to 28 U.S.C. § 157(d). In the alternative, Defendants contend that "cause" for permissive withdrawal exists because this action was commenced after confirmation of the Reorganization Plan, and because judicial economy would encourage withdrawal.[2]

---

[2] Defendants' permissive withdrawal arguments are primarily premised upon the assumption that this is a non-core proceeding. However, concurrent with the filing of the present Motion, Defendants filed a motion in the Bankruptcy Court requesting a determination of the nature of the proceeding. In response to

In response, Plaintiff contends that the facts of this case do not invoke the mandatory withdrawal provision of Section 157(d). Moreover, Plaintiff contends that there is not sufficient "cause" to support a permissive withdrawal, and therefore, the action should remain in the Bankruptcy Court.

### III. DISCUSSION

Pursuant to 28 U.S.C. § 157(a), District Courts may refer cases under title 11 to the Bankruptcy Court for disposition. Under Section 157(d), however, the referred proceeding can be withdrawn from the Bankruptcy Court and returned to the District Court. Section 157(d) provides for both mandatory withdrawal and discretionary withdrawal. In this case, Defendants seek withdrawal under both standards.

   A.   <u>Mandatory Withdrawal</u>

The second sentence of Section 157(d) provides for mandatory withdrawal: "The district court shall on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires a consideration of both Title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." This Court has interpreted the mandatory withdrawal provision of

---

that Motion, the Bankruptcy Court determined that this was a core proceeding. See <u>In re Oakwood Homes Corp.</u>, 342 B.R. 59 (Bankr. D. Del. 2006).

Section 157(d) to apply only where the action requires a "substantial and material" consideration of a federal statute outside the Bankruptcy Code. Continental, 138 B.R. at 444-45, 446. The instant action does not require the consideration of a federal statute outside of the Bankruptcy Code; instead, it involves claims sounding in state law. Therefore, mandatory withdrawal pursuant to Section 157(d) is inappropriate.

    B.    Discretionary Withdrawal

In providing for discretionary withdrawal, Section 157(d) states: "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." The requirement that cause be shown "creates a 'presumption that Congress intended to have bankruptcy proceedings adjudicated in bankruptcy court, unless rebutted by contravening policy.'" Hatzel & Buehler, Inc. v. Central Hudson Gas & Elec., 106 B.R. 367, 371 (D. Del. 1989)(citations omitted). In addition, the Third Circuit has set forth five factors that a district court should consider in determining whether "cause" exists for discretionary withdrawal. These factors include: (1) promoting uniformity of bankruptcy administration; (2) reducing forum shopping and confusion; (3) fostering economical use of debtor/creditor resources; (4) expediting the bankruptcy process; and (5) timing of the request for withdrawal. In re Pruitt, 910

F.2d 1160, 1168 (3d Cir. 1990)(citing <u>Holland Am. Ins. Co. v. Succession of Roy</u>, 777 F.2d 992, 999 (5th Cir. 1985)).[3]

Considering the parties' arguments, the Court does not find that the factors as a whole support the Court's withdrawing the reference to the Bankruptcy Court for several reasons.  First, the Adversary Proceeding had been before the Bankruptcy Court for a year before the present Motion was filed, and the Bankruptcy Court became familiar with the facts and issues surrounding this case.  Moreover, the Bankruptcy Court issued an opinion on Defendants' Motion To Dismiss, and conducted discovery.  The Court also finds that considerations of uniformity in bankruptcy administration support the proceeding being heard in the Bankruptcy Court, because the Adversary Proceeding is a core proceeding that is integral to the restructuring of debtor-creditor rights.  Finally, the Court finds that maintaining the proceeding in Bankruptcy Court will diminish the risk of forum shopping and will lessen confusion by fostering consistent administration of the estate.  For these reasons, the Court concludes that the <u>Pruitt</u> factors do not support withdrawing the reference from the Bankruptcy Court.

---

[3] "Another factor sometimes considered by courts analyzing whether withdrawal is appropriate is 'whether the parties have requested a jury trial.'" <u>In re NDEP Corp.</u>, 203 B.R. 905, 908 (D. Del. 1996).  In this case, neither party has requested a jury trial.  Therefore, this factor is not relevant to the present motion.

## IV. CONCLUSION

In sum, the Court concludes that neither mandatory nor discretionary withdrawal of the instant adversary proceeding is warranted. Accordingly, the Court will deny the Motion of Defendants Discovery RE and United States Fidelity & Guaranty Co. To Withdraw The Reference To The Bankruptcy Court (D.I. 1).

An appropriate Order will be entered.